# EXHIBIT 1

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

_____

BRANDON G. BAUMEISTER
127 6th Avenue
Lancaster, New York 14086                                    **SUMMONS**

                         Plaintiff

vs.                                                          Index No.

ERIE COUNTY
95 Franklin Street, Room 1634
Buffalo, New York 14202

SHERIFF JOHN C. GARCIA, in his Official and
Individual Capacity as Sheriff of Erie County
10 Delaware Avenue
Buffalo, New York 14202

CITY OF BUFFALO
1100 City Hall
65 Niagara Square
Buffalo, New York 14202

BUFFALO POLICE DEPARTMENT
68 Court Street
Buffalo, New York 14202

NIAGARA COUNTY
175 Hawley Street
Lockport, New York 14094

SHERIFF MICHAEL J. FILICETTI, in his Official and
Individual Capacity as Sheriff of Niagara County
5526 Niagara Street Ext.
Lockport, New York 14094

CITY OF NIAGARA FALLS
745 Main Street
Niagara Falls, New York 14301

NIAGARA FALLS POLICE DEPARTMENT
1925 Main Street
Niagara Falls, New York 14305

VILLAGE OF LEWISTON

145 N. 4th Street
Lewiston, New York 14092

TOWN OF LEWISTON
1375 Ridge Road
Lewiston, New York 14092

LEWISTON POLICE DEPARTMENT
4059 Creek Road
Youngstown, New York 14174

DEPUTY NICHOLAS CERVONI
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY JUSTIN BAUER
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY PAUL KIEFFER
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY DAVID LISKIEWICZ
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY ROBERT LAZARCYZK
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY KUHN (FIRST NAME UNKNOWN)
10 Delaware Avenue
Buffalo, New York 14202

DEPUTY ELLIS (FIRST NAME UNKNOWN)
10 Delaware Avenue
Buffalo, New York 14202

SERGEANT CHRISTOPHER SOLURI
10 Delaware Avenue
Buffalo, New York 14202

POLICE OFFICER JONATHAN EMMONS
4059 Creek Road
Youngstown, New York 14174

2

POLICE OFFICER JOSHUA BELIN
4059 Creek Road
Youngstown, New York 14174

CAPTAIN MICHAEL SALADA
4059 Creek Road
Youngstown, New York 14174

LIEUTENANT SEAN FUREY
5526 Niagara Street Ext.
Lockport, New York 14094

DEPUTY JAMES VILLANI
5526 Niagara Street Ext.
Lockport, New York 14094

DEPUTY JUSTIN SCHWARZMUELLER
5526 Niagara Street Ext.
Lockport, New York 14094

DEPUTY MARYLYNN STEPHENSON
5526 Niagara Street Ext.
Lockport, New York 14094

POLICE OFFICER ADAM MOEN
c/o New York State Police
1220 Washington Street, Bldg 22
Albany, New York 12226

POLICE OFFICER MICHAEL A. KIDDER, JR.
c/o New York State Police
1220 Washington Street, Bldg 22
Albany, New York 12226

JOHN DOE #1-20 (said Erie County supervisor(s) and/or
Erie County Sheriff Office supervisor(s) or employee(s),
said Niagara County supervisor(s) and/or Niagara County
Sheriff Department supervisor(s) or employee(s), said City of
Buffalo supervisor(s) and/or Buffalo Police Department supervisor(s)
or employee(s), said City of Niagara Falls supervisor(s) and/or
Niagara Falls Police Department supervisor(s) or employee(s),
said Village of Lewiston supervisor(s), Town of Lewiston supervisor(s)
and/or Lewiston Police Department supervisor(s) or employee(s))

Defendants.

_____

3

TO THE ABOVE-NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Erie County is designated as the place of trial on the basis of residence of Plaintiff who resides in Lancaster, New York.

DATED:        Buffalo, New York
              September 14, 2023

                                  **LIPSITZ GREEN SCIME CAMBRIA LLP**

                                  By: _____
                                        ROBERT M. CORP ESQ.
                                  Attorneys for Plaintiff
                                  42 Delaware Avenue, Suite 120
                                  Buffalo, New York 14202-3924
                                  (716) 849-1333

4

STATE OF NEW YORK
SUPREME COURT:  COUNTY OF ERIE

_____

BRANDON G. BAUMEISTER,

                    Plaintiff,

vs.

ERIE COUNTY,
SHERIFF JOHN C. GARCIA, in his Official and
Individual Capacity as Sheriff of Erie County,
CITY OF BUFFALO,
BUFFALO POLICE DEPARTMENT,
NIAGARA COUNTY,
SHERIFF MICHAEL J. FILICETTI, in his Official and
Individual Capacity as Sheriff of Niagara County,
CITY OF NIAGARA FALLS,
NIAGARA FALLS POLICE DEPARTMENT,
VILLAGE OF LEWISTON,
TOWN OF LEWISTON,
LEWISTON POLICE DEPARTMENT,
DEPUTY NICHOLAS CERVONI,
DEPUTY JUSTIN BAUER,
DEPUTY PAUL KIEFFER
DEPUTY DAVID LISKIEWICZ,
DEPUTY ROBERT LAZARCYZK,
DEPUTY KUHN (FIRST NAME UNKNOWN),
DEPUTY ELLIS (FIRST NAME UNKNOWN)
SERGEANT CHRISTOPHER SOLURI,
POLICE OFFICER JONATHAN EMMONS,
POLICE OFFICER JOSHUA BELIN,
CAPTAIN MICHAEL SALADA
LIEUTENANT SEAN FUREY,
DEPUTY JAMES VILLANI,
DEPUTY JUSTIN SCHWARZMUELLER,
DEPUTY MARYLYNN STEPHENSON,
POLICE OFFICER ADAM MOEN,
POLICE OFFICER MICHAEL A. KIDDER, JR.,
JOHN DOE #1-20 (said Erie County supervisor(s) and/or
Erie County Sheriff Office supervisor(s) or employee(s),
said Niagara County supervisor(s) and/or Niagara County
Sheriff Department supervisor(s) or employee(s), said City of
Buffalo supervisor(s) and/or Buffalo Police Department supervisor(s)

**COMPLAINT**

Index No.

or employee(s), said City of Niagara Falls supervisor(s) and/or
Niagara Falls Police Department supervisor(s) or employee(s),
said Village of Lewiston supervisor(s), Town of Lewiston supervisor(s)
and/or Lewiston Police Department supervisor(s) or employee(s))

Defendants.

_____

Plaintiff, BRANDON G. BAUMEISTER, ("Plaintiff") by his attorneys, LIPSITZ GREEN

SCIME CAMBRIA LLP, for his complaint against Defendants, alleges:

**PARTIES**

1.      Plaintiff, at all times hereinafter mentioned was and still is a resident of the Town

of Lancaster located within the County of Erie and the State of New York.

2.      Defendant, ERIE COUNTY, is a municipal corporation duly organized and existing

under and pursuant to the laws of the State of New York.

3.      ERIE COUNTY SHERIFF JOHN C. GARCIA ("Garcia") is the Sheriff of Erie

County.  Sheriff Garcia is sued in both his individual and official capacity.  Upon information and

belief, as acting Sheriff of the County of Erie, the Defendant, Sheriff Garcia, was in charge of the

polices, training, and supervision of police in Erie County.  Sheriff Garcia is sued in both his

individual and official capacity.

4.      Upon information and belief, at all times hereinafter mentioned, Defendant Garcia

was acting within his authority as an Erie County Sheriff and acting under color of state law.

5.      Defendant, CITY OF BUFFALO, is a municipal corporation duly organized and

existing under and pursuant to the laws of the State of New York.

-2-

6.     Defendant BUFFALO POLICE DEPARTMENT ("BPD") is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

7.     Defendant NIAGARA COUNTY is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

8.     Defendant MICHAEL J. FILICETTI ("Filicetti") is the Sheriff of Niagara County. Sheriff Filicetti is sued in both his individual and official capacity.  Upon information and belief, as acting Sheriff of the County of Niagara, the Defendant, Sheriff Filicetti, was in charge of the polices, training, and supervision of police in Niagara County.  Sheriff Filicetti is sued in both his individual and official capacity.

9.     Defendant CITY OF NIAGARA FALLS is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

10.     Defendant NIAGARA FALLS POLICE DEPARTMENT ("NFPD") is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

11.     Defendant VILLAGE OF LEWISTON is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

12.     Defendant TOWN OF LEWISTON, is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

13.     Defendant LEWISTON POLICE DEPARTMENT ("LPD") is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

14.     Upon information and belief, at all times herein mentioned, Defendant Deputy Nicholas Cervoni, was and still is a resident of the County of Erie and the State of New York.

-3-

15.     Upon information and belief, at all times herein mentioned, Defendant Deputy Justin Bauer, was and still is a resident of the County of Erie and/or County of Niagara and the State of New York.

16.     Upon information and belief, at all times herein mentioned, Defendant Deputy Paul Kieffer, was and still is a resident of the County of Erie and/or County of Niagara and the State of New York.

17.     Upon information and belief, at all times herein mentioned, Defendant Deputy David Liskiewicz, was and still is a resident of the County of Erie and the State of New York.

18.     Upon information and belief, at all times herein mentioned, Defendant Deputy Robert Lazarcyzk, was and still is a resident of the County of Erie and the State of New York.

19.     Upon information and belief, at all times herein mentioned, Defendant Deputy Kuhn, was and still is a resident of the County of Erie and/or County of Niagara and the State of New York.

20.     Upon information and belief, at all times herein mentioned, Defendant Deputy Ellis, was and still is a resident of the County of Erie and the State of New York.

21.     Upon information and belief, at all times herein mentioned, Defendant Sergeant Christopher Soluri, was and still is a resident of the County of Erie and/or County of Niagara and the State of New York.

22.     Upon information and belief, at all times herein mentioned, Defendant Police Officer Jonathan Emmons, was and still is a resident of the County of Niagara and the State of New York.

23.     Upon information and belief, at all times herein mentioned, Defendant Police Officer Joshua Belin, was and still is a resident of the County of Niagara and the State of New York.

24.     Upon information and belief, at all times herein mentioned, Defendant Captain Michael Salada, was and still is a resident of the County of Niagara and the State of New York.

-4-

25.     Upon information and belief, at all times herein mentioned, Defendant Lieutenant Sean Furey, was and still is a resident of the County of Niagara and the State of New York.

26.     Upon information and belief, at all times herein mentioned, Defendant Deputy James Villani, was and still is a resident of the County of Niagara and the State of New York.

27.     Upon information and belief, at all times herein mentioned, Defendant Deputy Justin Schwarzmueller, was and still is a resident of the County of Niagara and the State of New York.

28.     Upon information and belief, at all times herein mentioned, Defendant Deputy Marylynn Stephenson, was and still is a resident of the County of Niagara and the State of New York.

29.     Upon information and belief, at all times herein mentioned, Defendant Police Officer Adam Moen, was and still is a resident of the County of Erie and/or County of Niagara and the State of New York.

30.     Upon information and belief, at all times herein mentioned, Defendant Police Officer Michael A. Kidder, Jr., was and still is a resident of the County of Erie and/or County of Niagara and the State of New York.

31.     Upon information and belief, at all times herein mentioned, Defendants, JANE and/or JOHN DOE #1-20, were and still are residents of the County of Erie and/or County of Niagara and the State of New York.  He/she/they are sued in his/her/their individual and official capacities.

32.     Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Nicholas Cervoni, was employed as a Deputy Sheriff by ERIE COUNTY and/or Erie County Sheriff's Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

33.     Upon information and belief, at all times hereinafter mentioned, Deputy Justin Bauer, was employed as a Deputy Sheriff by ERIE COUNTY and/or Erie County Sheriff's Office

-5-

and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

34. Upon information and belief, at all times hereinafter mentioned, Deputy Paul Kieffer, was employed as a Deputy Sheriff by ERIE COUNTY and/or Erie County Sheriff's Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

35. Upon information and belief, at all times hereinafter mentioned, Defendant Deputy David Liskiewicz, was employed as a Deputy Sheriff by ERIE COUNTY and/or Erie County's Sheriff Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

36. Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Robert Lazarcyzk, was employed as a Deputy Sheriff by ERIE COUNTY and/or Erie County's Sheriff Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

37. Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Kuhn, was employed as a Deputy Sheriff by ERIE COUNTY and/or Erie County's Sheriff Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

38. Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Ellis, was employed as a police officer by ERIE COUNTY and/or Erie County Sheriff's Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

-6-

39.     Upon information and belief, at all times hereinafter mentioned, Defendant Sergeant Christopher Soluri, was employed as a Sergeant and Deputy Sheriff by ERIE COUNTY and/or Erie County Sheriff's Office and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant ERIE COUNTY.

40.     Upon information and belief, at all times hereinafter mentioned, Defendant Police Officer Jonathan Emmons, was employed as a police officer by Defendants, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LEWISTON POLICE DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee.

41.     Upon information and belief, at all times hereinafter mentioned, Defendant Police Officer Joshua Belin, was employed as a police officer by Defendants, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LEWISTON POLICE DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee.

42.     Upon information and belief, at all times hereinafter mentioned, Defendant Captain Michael Salada, was employed as a police officer by Defendants, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LEWISTON POLICE DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee.

43.     Upon information and belief, at all times hereinafter mentioned, Defendant Lieutenant Sean Furey, was employed as a police officer by Defendants, NIAGARA COUNTY and/or NIAGARA COUNTY SHERIFF'S DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant NIAGARA COUNTY.

44.     Upon information and belief, at all times hereinafter mentioned, Defendant Deputy James Villani, was employed as a Deputy Sheriff by NIAGARA COUNTY and/or NIAGARA

-7-

COUNTY SHERIFF'S DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant NIAGARA COUNTY.

45.    Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Justin Schwarzmueller, was employed as a Deputy Sheriff by Defendants, NIAGARA COUNTY and/or NIAGARA COUNTY SHERIFF'S DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant NIAGARA COUNTY.

46.    Upon information and belief, at all times hereinafter mentioned, Defendant Deputy Marylynn Stephenson, was employed as a Deputy Sheriff by Defendants, NIAGARA COUNTY and/or NIAGARA COUNTY SHERIFF'S DEPARTMENT and was acting under the color of state law in the capacity of agent, servant, and employee of Defendant NIAGARA COUNTY.

47.    Upon information and belief, at all times hereinafter mentioned, Defendant Police Officer Adam Moen, was employed as a police officer by New York State Police and was acting under the color of state law in the capacity of agent, servant, and employee.

48.    Upon information and belief, at all times hereinafter mentioned, Defendant Police Officer Michael A. Kidder, Jr., was employed as a police officer by New York State Police and was acting under the color of state law in the capacity of agent, servant, and employee.

49.    Upon information and belief, at all times hereinafter mentioned, Defendant, JANE and/or JOHN DOE #1-20, were supervisors or employees employed by ERIE COUNTY, Erie County Sheriff's Office, SHERIFF GARCIA, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, NIAGARA COUNTY, Niagara County Sheriff's Department, SHERIFF FILICETTI, CITY OF NIAGARA FALLS, NIAGARA FALLS POLICE DEPARTMENT, VILLAGE OF LEWISTON, TOWN OF LEWISTON or LEWISTON POLICE DEPARTMENT and were acting under the color of state law in the capacity of agent, servant, and employee.

-8-

**CONDITION PRECEDENT**

50.     On or about the 13th day of December, 2022, a Notice of Claim was served on behalf of Plaintiff upon ERIE COUNTY, ERIE COUNTY SHERIFF'S OFFICE, SHERIFF GARCIA, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, NIAGARA COUNTY, NIAGARA COUNTY SHERIFF'S DEPARTMENT, SHERIFF FILICETTI, CITY OF NIAGARA FALLS, NIAGARA FALLS POLICE DEPARTMENT, VILLAGE OF LEWISTON, TOWN OF LEWISTON, LEWISTON POLICE DEPARTMENT, DEPUTY CERVONI, DEPUTY BAUER, DEPUTY KIEFFER, DEPUTY LISKIEWICZ, DEPUTY LAZARCYZK, DEPUTY KUHN, DEPUTY ELLIS, SERGEANT SOLURI, POLICE OFFICER JONATHAN EMMONS, POLICE OFFICER JOSHUA BELIN, CAPTAIN MICHAEL SALADA, LIEUTENANT FUREY, DEPUTY VILLANI, DEPUTY SCHWARZMUELLER, DEPUTY STEPHENSON, POLICE OFFICER MOEN, POLICE OFFICER KIDDER, AND JOHN DOE #1-20 in duplicate, within ninety (90) days of the date upon which the claim arose.  At least thirty (30) days have elapsed since the service of the notice of claim, and Defendants have failed and neglected to adjust or pay the said claim.

**FACTS**

51.     Upon information and belief, the Defendants ERIE COUNTY and SHERIFF GARCIA maintained, operated, managed, controlled and staffed the Erie County Sherriff's Office and its sheriffs, and were responsible for the pervasive and entrenched pattern of misconduct by the Erie County Sheriff's Office ("ECSO") relating to utilizing force without justification, including the use of excessive force in effectuating arrests, including a failure of the Defendant ERIE COUNTY and Sheriff GARCIA to disciple officers that engage in misconduct, including

-9-

the failure to discipline officers who use force without justification, and exonerating officers who use excessive force.

52.     Upon information and belief, at all timers hereinafter mentioned, ERIE COUNTY and/or SHERIFF GARCIA were responsible for the supervision, administration, policy practices, procedures and customs of the ECSO, and are responsible for the hiring, training, disciple and control of ECSO staff.

53.     At all times hereinafter mentioned and in all their actions described herein, Defendants pursuant to the authority vested in the employees, servants and agents of ECSO, were acting under the color of that statutes, ordinances, regulations, policies, customs and usages of the ECSO and ERIE COUNTY and under color of state law.

54.     At all times hereinafter mentioned and in all their actions described herein, the employees, servants, agents and deputies of ECSO were acting within the scope of their employment and incidental to their otherwise lawful duties and functions.

55.     Upon information and belief, the Defendants NIAGARA COUNTY and SHERIFF FILICETTI maintained, operated, managed, controlled and staffed the Niagara County Sherriff's Department and its sheriffs, and were responsible for the pervasive and entrenched pattern of misconduct by the Niagara County Sheriff's Department ("NCSD") relating to utilizing force without justification, including the use of excessive force in effectuating arrests, including a failure of the Defendant NIAGARA COUNTY and SHERIFF FILICETTI to disciple officers that engage in misconduct, including the failure to discipline officers who use force without justification, and exonerating officers who use excessive force.

56.     Upon information and belief, at all timers hereinafter mentioned, ERIE COUNTY and/or SHERIFF FILICETTI were responsible for the supervision, administration, policy

practices, procedures and customs of the NCSD, and are responsible for the hiring, training, disciple and control of NCSD staff.

57. At all times hereinafter mentioned and in all their actions described herein, Defendants pursuant to the authority vested in the employees, servants and agents of NCSD, were acting under the color of that statutes, ordinances, regulations, policies, customs and usages of the NCSD and NIAGARA COUNTY and under color of state law.

58. At all times hereinafter mentioned and in all their actions described herein, the employees, servants, agents and deputies of NCSD were acting within the scope of their employment and incidental to their otherwise lawful duties and functions.

59. On or about the 18th day of September, 2022 at approximately 2:00 a.m., Plaintiff was operating a black 2020 GMC Yukon on Kentucky Street in the City of Buffalo, New York when an Erie County Sheriff Officer began pursuing him.

60. Law enforcement officers, including Individual Defendants, from Defendants, ERIE COUNTY, ECSO, BUFFALO POLICE DEPARTMENT, LEWISTON POLICE DEPARTMENT, NCSD, NIAGARA FALLS POLICE DEPARTMENT, and New York State Police and New York State Park Police engaged in a high-speed and dangerous chase of Plaintiff through several streets in the City of Buffalo, Town of Cheektowaga, Town of Tonawanda, Town of Grand Island, Town of Niagara, Village of Lewiston and City of Niagara Falls.

61. Defendants improperly and recklessly pursued Plaintiff in violation of their respective department policies and the law in the high-speed pursuit and chase across multiple counties, including outside their respective jurisdictions.

62. Defendants, including Deputy Villani, engaged in broadcasting and/or publishing of the investigation, pursuit, assault, and/or arrest of Plaintiff, or otherwise published such content.

-11-

63.     Plaintiff attempted to surrender to Defendants in the Village of Lewiston, but as he attempted to do so, defendant police officers began violently striking the windows of the vehicle Plaintiff was in.  Police officers had their handguns drawn and fired a shot through the window of vehicle Plaintiff occupied.  A window in the vehicle being driven by Plaintiff was shattered as a result of the bullet hole and/or striking by Defendants.  Due to Plaintiff fearing for his life as a result of Defendants' conduct when he attempted to surrender, he resumed driving through the Village of Lewiston and the City of Niagara Falls.

64.     Plaintiff came to a stop on Buffalo Avenue near Point Avenue and South 91st Street in Niagara Falls.  Plaintiff exited the vehicle with his hands up, was unarmed and was fully complying with the order of officers.

65.     Defendants, DEPUTY NICHOLAS CERVONI, DEPUTY JUSTIN BAUER, DEPUTY PAUL KIEFFER, DEPUTY DAVID LISKIEWICZ, DEPUTY ROBERT LAZARCYZK, DEPUTY KUHN, DEPUTY ELLIS, SERGEANT CHRISTOPHER SOLURI, POLICE OFFICER JONATHAN EMMONS, POLICE OFFICER JOSHUA BELIN, CAPTAIN MICHAEL SALADA, LIEUTENANT SEAN FUREY, DEPUTY JAMES VILLANI, DEPUTY JUSTIN SCHWARZMUELLER, DEPUTY MARYLYNN STEPHENSON, POLICE OFFICER ADAM MOEN, POLICE OFFICER MICHAEL A. KIDDER, JR., AND/OR JOHN DOE #1-20 improperly pursued Plaintiff and in violation of their respective department's no-pursuit policy, then exited their police vehicle and violently tackled Plaintiff to the ground.

66.     After Plaintiff exited the vehicle which he was driving, at no point did he resist arrest.

67.     Defendants then excessively beat Plaintiff while he was on the ground, punching, striking, and kicking him repeatedly in the legs, arms, back, shoulders, neck and head.  Plaintiff

-12-

was kicked in the face and head by Defendants, causing Plaintiff to suffer a concussion, fractured nose, disc herniations in neck, neck injuries, left shoulder injury, left arm injury, upper extremity injury, injuries to bilateral lower extremities, sprained right ankle, rib injuries, injury to sternum, injury to left eye/orbit and left cheek, face, head, injuries to teeth, injuries to both wrists, injuries to upper, middle, and lower back, soreness in kidneys, intense and frequent headaches, difficulty breathing, and emotional and mental injuries, including anxiety, among other serious injuries. Plaintiff was hospitalized as a result of these injuries.

68.     This action falls within one or more of the exceptions set forth in CPLR § 1602.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:**

42 U.S.C. § 1983 AND THE FOURTH AMENDMENT

(Excessive Use of Force in Violation of the Fourth Amendment)

69.     On September 18, 2022, Defendants, DEPUTY NICHOLAS CERVONI, DEPUTY JUSTIN BAUER, DEPUTY PAUL KIEFFER, DEPUTY DAVID LISKIEWICZ, DEPUTY ROBERT LAZARCYZK, DEPUTY KUHN, DEPUTY ELLIS, SERGEANT CHRISTOPHER SOLURI, POLICE OFFICER JONATHAN EMMONS, POLICE OFFICER JOSHUA BELIN, CAPTAIN MICHAEL SALADA, LIEUTENANT SEAN FUREY, DEPUTY JAMES VILLANI, DEPUTY JUSTIN SCHWARZMUELLER, DEPUTY MARYLYNN STEPHENSON, POLICE OFFICER ADAM MOEN, POLICE OFFICER MICHAEL A. KIDDER, JR., AND/OR JOHN DOE #1-20 violated Plaintiff's right to be free from excessive force under the Fourth Amendment of the United States Constitution during their improper pursuit and arrest of him, when he did not pose an immediate threat to police or others and was not resisting arrest.

-13-

70.     Defendants improperly and recklessly pursued Plaintiff in violation of their respective department policies and the law in the high-speed pursuit and chase across multiple counties, including outside their respective jurisdictions.

71.     The amount of force used was unnecessary and excessive.

72.     The circumstances were not sufficiently tense, uncertain, or rapidly evolving to necessitate the amount of force used because before punching, striking, kicking, and assaulting the Plaintiff, Defendants DEPUTY NICHOLAS CERVONI, DEPUTY JUSTIN BAUER, DEPUTY PAUL KIEFFER, DEPUTY DAVID LISKIEWICZ, DEPUTY ROBERT LAZARCYZK, DEPUTY KUHN, DEPUTY ELLIS, SERGEANT CHRISTOPHER SOLURI, POLICE OFFICER JONATHAN EMMONS, POLICE OFFICER JOSHUA BELIN, CAPTAIN MICHAEL SALADA, LIEUTENANT SEAN FUREY, DEPUTY JAMES VILLANI, DEPUTY JUSTIN SCHWARZMUELLER, DEPUTY MARYLYNN STEPHENSON, POLICE OFFICER ADAM MOEN, POLICE OFFICER MICHAEL A. KIDDER, JR., AND/OR JOHN DOE #1-20 (together, "Individual Defendants"), had tackled Plaintiff to the ground and had restrained Plaintiff, including having restrained Plaintiff's arms.

73.     Defendants excessively tackled, beat, struck, punched and kicked Plaintiff resulting in serious injuries detailed herein.

74.     Upon information and belief, the alleged incident herein described was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of Defendants, ERIE COUNTY, ECSO, CITY OF BUFFALO, BPD, NIAGARA COUNTY, NCSD, CITY OF NIAGARA FALLS, NFPD, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LPD (together, "Municipal Defendants"), who among other things, failed and omitted to properly train and supervise its police officers, and negligently hiring the Individual Defendants, respectively.

-14-

75.    Upon information and belief, on or about the 12th day of January, 2023, the Individual Defendants while acting under color of authority of the State of New York as members of the respective Municipal Defendants, and in their official capacity as a Police Officers, caused serious injury to Plaintiff, BRANDON BAUMEISTER, while depriving him of his rights and privileges, causing serious injury, as secured and protected by the Constitution and laws of the United States, namely:

    a.   the constitutional right to be free from unlawful arrest, detainment and seizure,

    b.   the right to be secure and safe in his person during the course of being in custody of law enforcement officials,

    c.   and the privileges and immunities guaranteed to every citizen of the United States, including Plaintiff, BRANDON BAUMEISTER, by United States Constitution Amendments 4, 5, 8 and 14 and in violation of 42 U.S.C. §1983 by the use of unlawful, unnecessary and excessive use of force against Plaintiff.

76.    As a result of the alleged incident, Plaintiff, BRANDON BAUMEISTER sustained serious injuries as set forth above.

77.    Defendants violated rights held by Plaintiff which are clearly established, and no reasonable official similarly situated as Defendants could have believed that such conduct was lawful or within the bounds of reasonable discretion. Therefore, Defendants lack qualified or statutory immunity from suit or liability.

78.    Defendants' use of force was unreasonable and shocked the conscious.

79.    The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that

-15-

would be inflicted upon Plaintiff. As a result of this intentional conduct, Plaintiff, is entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

80.     Plaintiff was required to hire attorneys to represent them in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

81.     At no point during the incidents described herein did the circumstances necessitate or support the above applications of force utilized by the Defendants against Plaintiff. As a result, Plaintiff was damaged, harmed and injured, and seeks compensation in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:

### (Assault under New York State Law)

82.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

83.     The Individual Defendants excessively tackled, beat, struck, punched and kicked Plaintiff, resulting in a concussion, fractured nose, disc herniation in neck, upper extremity injury, injuries to bilateral lower extremities, rib injuries, injury to sternum, damage to left eye, injury to left orbit and left cheek, back injury, soreness in kidneys, intense and frequent headaches, difficulty breathing, difficulty sleeping, and extensive scraping and bruising of his face, head, upper extremity, back and arms.

84.     The Individual Defendants intended to either to inflict personal injury or to arouse apprehension of harmful or offensive bodily contact.

-16-

85.     As a direct and proximate cause of the actions described herein, Plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty; damage and/or loss of property, all to an amount to be ascertained according to proof at trial.

86.     The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

87.     The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against Plaintiff. As a result of this intentional unlawful conduct, Plaintiff is entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

88.     Defendants' use of force was unreasonable and shocked the conscious.

89.     Plaintiff was required to hire attorneys to represent them in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:

(Battery under New York State Law)

90.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91.     The Individual Defendants excessively tackled, beat, punched and kicked Plaintiff, resulting in a concussion, fractured nose, disc herniation in neck, upper extremity injury, injuries to bilateral lower extremities, rib injuries, injury to sternum, damage to left eye, injury to left orbit and left cheek, back injury, soreness in kidneys, intense and frequent headaches, difficulty

-17-

Case 1:23-cv-01150-LJV Document 1-10 Filed 11/01/23 Page 23 of 31

breathing, difficulty sleeping, and extensive scraping and bruising of his face, head, upper extremity, back and arms.

92.     The Individual Defendants intentionally made bodily contact with Plaintiff, the intended contact was itself offensive and was without the consent of Plaintiff.

93.     As a direct and proximate cause of the actions described herein, Plaintiff sustained economic and noneconomic damages, including physical pain and suffering; loss of liberty; damage and/or loss of property, all to an amount to be ascertained according to proof at trial.

94.     The actions of Defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted against Plaintiff. As a result of this intentional conduct, Plaintiff is entitled to punitive damages against Defendants, in an amount sufficient to punish them and to deter others from similar conduct.

95.     Defendants' use of force was unreasonable and shocked the conscious.

96.     The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

97.     Plaintiff was required to hire attorneys to represent them in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF, ALLEGES:

(Failure to Intervene to Prevent Unconstitutional Conduct)

98.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above of this Complaint with the same force and effect as if fully set forth herein.

-18-

99.    Defendants violated their affirmative duty to protect Plaintiff's constitutional rights from infringement by other present law enforcement officers.

100.    Defendants failed to intervene when each Individual Defendant unreasonably assaulted, committed battery, used excessive force, police brutality, were negligent, abused process, violated claimant's Civil Rights under 42 U.S.C. § 1983, and did not intervene, despite having a realistic opportunity to prevent the harm.

101.    Upon information and belief, on or about the 18th day of September, 2022, more police officers arrived at the scene. The deprivation of rights was knowable to officers who later arrived at the scene. Defendants assumed an affirmative duty to act on behalf of injured Plaintiff.

102.    Defendants who were witness to the violations failed to intervene on Plaintiff's behalf to despite having had realistic opportunities to do so.

103.    Said Defendants failed to intervene on Plaintiff's behalf despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct.

104.    As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional rights were violated.

105.    Defendants' conduct was unreasonable and shocked the conscious.

106.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

107.    As a result of the foregoing, Plaintiff seeks an award of general, special, and punitive damages in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and an award of attorney's fees and costs.

-19-

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS,**

**PLAINTIFF ALLEGES:**

(Monell Claim-Municipal Liability Pursuant to 42 U.S.C. Section 1983)

MUNICIPAL AND SUPERVISORY LIABILITY

108.    Repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as fully set forth herein.

109.    A municipality, such as ERIE COUNTY (including the ECSO and SHERIFF GARCIA), CITY OF BUFFALO, BPD, NIAGARA COUNTY (including the NCSD and SHERIFF FILICETTI), CITY OF NIAGARA FALLS, NFPD, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LPD, may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

110.    Defendants ERIE COUNTY, SHERIFF GARCIA, CITY OF BUFFALO, BPD, NIAGARA COUNTY, SHERIFF FILICETTI, CITY OF NIAGARA FALLS, NFPD, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LPD, respectively, established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff, and the damages and injuries described herein. They did so with deliberate indifference to the rights of the detainee and had actual and/or constructive knowledge of the pervasive and widespread practice of police use of excessive force for many years yet failed to do anything to end the practice. These written and unwritten policies, customs, patterns, and practices included:

      a.  Permitting police officers employing excessive force while effectuating arrests and during non-arrest interactions with individuals and thereafter charging the victim

-20-

with "cover charges" such as "resisting arrest" and "disorderly conduct" to hide the excessive use of force by officers;

b.  Failing to train its officers regarding the constitutional rights of arrestees to be free from excessive force and to provide medical attention and treatment if necessary;

c.  Permitting police employing excessive force while effectuating arrests and during non-arrest interactions with individuals to use excessive force in the absence of any objective circumstances presented to them that could support the application of such force;

d.  Failing to discipline officers that have repeatedly used force without justification;

e.  Failing to train officers to de-escalate encounters with the public and/or to intervene during an arrest;

f.  Failing to investigate and reviewing use-of-force incidents and/or "cover charges";

g.  Failing to properly supervise and monitor police responsible for effectuating arrests, and/or monitoring detainees;

h.  Failing to properly screen, during the hiring process, and supervise thereafter, police to eliminate excessive force.

i.  Inadequately training officers to effectuate arrests without unnecessary force and/or intervene when excessive force is being deployed;

j.  Failing to have in place, or failing to follow, a policy or procedure to prevent officers from filing "cover charges" in order to cover up excessive force during an arrest;

k.  Retaining the officer(s), when they knew or should have known of his/her propensity to abuse his/her position of authority as an officer;

-21-

l.  Failing to train officers in the high-speed pursuit of a suspect;

m.  Failing to properly follow policies and laws regarding the high-speed pursuit of a suspect across multiple towns, cities, and counties;

n.  Failing to train officers in the cross-jurisdictional pursuit of a suspect;

o.  Failing to train officers to restrain from broadcasting or publishing an ongoing or completed police investigation, pursuit, or arrest, or otherwise publishing such content;

p.  Failing to train its officers in the firing of a weapon at an unarmed individual;

111.  Upon information and belief when the Individual Defendants tackled, beat, struck, punched and kicked Plaintiff, resulting in severe injuries, they were acting pursuant to the custom, practice, and/or policy of their respective employers and/or supervisors, including Defendants ERIE COUNTY, SHERIFF GARCIA, CITY OF BUFFALO, BPD, NIAGARA COUNTY, SHERIFF FILICETTI, CITY OF NIAGARA FALLS, NFPD, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LPD, which condone use of force without justification.

112.  Upon information and belief, Defendants ERIE COUNTY, SHERIFF GARCIA, CITY OF BUFFALO, BPD, NIAGARA COUNTY, SHERIFF FILICETTI, CITY OF NIAGARA FALLS, NFPD, VILLAGE OF LEWISTON, TOWN OF LEWISTON and/or LPD's custom, practice, and/or policy on condoning police misconduct by their respective deputies and officers directly and proximately resulted in the Plaintiff being assaulted, battered, subjected to excessive force, and charged with crimes he did not commit in an attempt to justify Defendants unlawful actions.

-22-

113.    At all relevant times, Defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of plaintiff. The actions of the Defendants were malicious, willful, wanton and reckless.

114.    The failure by the Municipal Defendants, including Sheriff Garcia and Sheriff Filicetti, among others, to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

115.    Upon information and belief, the Municipal Defendants, including Sheriff Garcia and Sheriff Filicetti, know "to a moral certainty" that their respective employees will confront situations such as that which underlies these claims.  Defendants are aware that their respective employees will, at times, become engaged in automobile pursuits of suspects and that their respective employees will, at times, have occasion to apprehend and arrest suspects.  The situations necessarily result in "difficult choices", the type for which appropriate training will assist in making the proper choices less difficult.  High-speed chases outside of their respective jurisdictions and violent apprehensions of suspects "will frequently cause a constitutional deprivation."

116.    Each of the respective Municipal Defendants were on notice prior to the notice that their employees have routinely used inappropriate and unnecessary force in the apprehension of suspects.

117.    Such acts as alleged herein were the proximate cause of injury and damage to the Plaintiff.

118.    As a result of the above constitutionally impermissible conduct, Plaintiff suffered violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, and physical injury.

-23-

119.    Accordingly, Plaintiff demands judgment against Defendants for compensatory and equitable, including costs and fees, to be determined at trial.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF, ALLEGES:**

(42 U.S.C. § 1983- Supervisory Liability for Deprivation of Rights under the United States Constitution)

120.    Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

121.    By failing to remedy the wrongs committed by their subordinates, in failing to properly train, screen, supervise, or discipline their subordinates, and by personally participating in the constitutional injuries as set forth elsewhere herein, Defendants SHERIFF GARCIA, SHERIFF FILICETTI, and the supervisory officer Defendants included among Defendants "JOHN DOES #1-20," the names being unknown but whom are intended to be supervisors of the Municipal Defendants, each violated Plaintiff's rights under the United States Constitution, through 42 U.S.C. §1983.

122.    At all relevant times, Defendants acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of plaintiff. The actions of the Defendants were malicious, willful, wanton and reckless.

123.    As a result of the foregoing, Plaintiff was deprived of their liberty and other constitutional rights, suffered bodily injury, pain and suffering, psychological and emotional injury, costs, and expenses, and were otherwise damaged and injured.

-24-

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF ALLEGES:
### (Negligence)

124.    Repeats, reiterates and realleges each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

125.    Upon information and belief, the alleged incident hereinbefore described, and the resultant injuries were caused as the result of the negligence, carelessness, recklessness, and unlawful conduct on the part of the Defendants, upon the breach of Defendants' duty to follow policies and procedures and Defendants negligently failing to apply training and failing to supervise its officers, employees, and agents.  The Defendants acted with reckless disregard in causing Plaintiff's injuries.

126.    As a result of the foregoing, the Plaintiff sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

127.    Defendants' conduct was unreasonable and shocked the conscious.

128.    The Municipal Defendants are vicariously liable for the actions of their respective employees under the theory of respondeat superior.

129.    Plaintiff was required to hire attorneys to represent him in this matter and is thus entitled to an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

-25-

**WHEREFORE**, Plaintiff asks this Court to GRANT the following relief:

Compensatory, special, and equitable damages in an amount that exceeds the jurisdictional

limits of all lower courts that would otherwise have jurisdiction; Award attorneys' fees and costs

pursuant to 42 U.S.C. §§1983 and 1988; Punitive damages; and for such other, further, or different

relief as the Court may deem just and proper, together with the costs and disbursements of the

action.

DATED:      Buffalo, New York
              September 14, 2023

LIPSITZ GREEN SCIME CAMBRIA LLP

By: _____
ROBERT M. CORP, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333

-26-