UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDON G. BAUMEISTER,

                Plaintiff,

   - v -

CITY OF BUFFALO,
CITY OF NIAGARA FALLS,
VILLAGE OF LEWISTON,
TOWN OF LEWISTON,
DEPUTY NICHOLAS CERVONI,
DEPUTY JUSTIN BAUER,
DEPUTY PAUL KIEFFER,
DEPUTY DAVID LISKIEWICZ,
DEPUTY ROBERT LAZARCYZK,
DEPUTY KUHN (First Name Unknown),
DEPUTY ELLIS (First Name Unknown),
SERGEANT CHRISTOPHER SOLURI,
POLICE OFFICER JONATHAN EMMONS,
POLICE OFFICER JOSHUA BELIN,
CAPTAIN MICHAEL SALADA,
LIEUTENANT SEAN FUREY,
DEPUTY JAMES VILLANI,
DEPUTY JUSTIN SCHWARZMUELLER,
DEPUTY MARYLYNN STEPHENSON,
POLICE OFFICER ADAM MOEN,
POLICE OFFICER MICHAEL A. KIDDER, JR., and
JOHN DOE #1-20,

                Defendants.
_____

**STIPULATED PROTECTIVE ORDER**

23-CV-1150-LJV

WHEREAS, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. A party and counsel, including in-house counsel;

    b. Employees of such counsel assigned and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential information by virtue of his or her position with the Court).

5. Before disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

8. Pursuant to Federal Rules of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties

follow the steps set forth in Rule 502.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. If the receiving party intends to openly file documents that attach, enclose, or contain "confidential" or "attorneys' eyes only" materials, the receiving party shall give sufficient notice, not less than seven (7) business days to allow the producing party to object.

10. At the conclusion of this litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the other party and to any third party who designated the information as confidential and shall attempt in good faith to resolve any challenge on an expedited and informal basis. The party which designated such information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" shall have the burden of proving that the information at issue is entitled to such designation. The information at issue shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY EYES ONLY" until the earliest of the parties' agreement, thirty (30) days from the date of any such challenge or a contrary decision by the Court. Notwithstanding the foregoing, during the pendency of any

motion for classification the materials will retain the status designated by the Producing Party.

DATED: September 10, 2025
Buffalo, New York

                                      LETITIA JAMES
                                      Attorney General of the State of New York
                                      *Attorney for Defendants*
                                      *Police Officer Adam Moen and*
                                      *Police Officer Michael A. Kidder, Jr.*

By:    *s/ Soo-young Chang*
         SOO-YOUNG CHANG
         Assistant Attorney General, of Counsel
         350 Main Street, Suite 300A
         Buffalo, NY 14202
         Telephone: (716) 954-0347
         Soo-young.Chang@ag.ny.gov


                                      LIPSITZ GREEN SCIME CAMBRIA LLP
                                      *Attorneys for Plaintiff*

By:    *s/ Robert M. Corp*
         Robert M. Corp, Esq.
         42 Delaware Avenue, Suite 120
         Buffalo, NY 14202-3924
         Telephone: (716) 849-1333
         RCorp@lglaw.com


                                      CITY OF BUFFALO LAW DEPARTMENT
                                      *Attorneys for City of Buffalo*

By:    *s/ Robert E. Quinn*
         Robert E. Quinn, Esq.
         65 Niagara Square
         City Hall, Suite 1100
         Buffalo, NY 14202
         Telephone: (716) 851-4326
         rquinn@city-buffalo.com

                        ERIE COUNTY DEPARTMENT OF LAW
*Attorneys for Defendants Deputy Ellis, Deputy Kuhn, Sergeant Christopher Soluri, Deputy David Liskiewicz, Deputy Justin Bauer, Deputy Nicholas Cervoni, Deputy Paul Kieffer, and Deputy Robert Lazarcyzk*

By:    *s/ Anthony B. Targia*
       Anthony B. Targia, Esq.
       95 Franklin Street
       16th Floor
       Buffalo, NY 14202
       Telephone: (716) 858-2221
       anthony.targia@erie.gov


WALSH, ROBERTS & GRACE
*Attorneys for Defendants City of Niagara Falls*

By:    *s/ Keith N. Bond*
       Keith N. Bond, Esq.
       400 Rand Building
       14 Lafayette Square
       Buffalo, NY 14203-1928
       Telephone: (716) 856-1636
       kbond@walshrobertsgrace.com


WEBSTER SZANYI LLP
*Attorneys for Defendant Village of Lewiston*

By:    *s/ Charles E. Graney*
       Charles E. Graney, Esq.
       424 Main Street
       Suite 1400
       Buffalo, NY 14202-3614
       Telephone: (716) 842-2800
       tgraney@websterszanyi.com

<div style="margin-left: 40%;">

GOLDBERG SEGALLA, LLP
*Attorneys for Defendants Town of Lewiston,*
*Police Officer Jonathan Emmons,*
*Police Officer Joshua Belin and Captain*
*Michael Salada*

By: *s/ Molly M. Ryan*
Molly M. Ryan, Esq.
5786 Widewaters Parkway
Syracuse, NY 13214
Telephone: (315) 413-5400
mryan@goldbergsegalla.com


GIBSON, MCASKILL & CROSBY, LLP
*Attorneys for Defendants Deputy James*
*Villani, Deputy Justin Schwarzmueller,*
*Deputy Marylynn Stephenson,*
*Lieutenant Sean Furey*

By: *s/ Brian P. Crosby*
Brian P. Crosby, Esq.
69 Delaware Avenue
Suite 900
Buffalo, NY 14202-3866
Telephone: (716) 856-4200
bcrosby@gmclaw.com

</div>

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDON G. BAUMEISTER,

                Plaintiff,                         **AGREEMENT**

     - v -                                          23-CV-1150-LJV

CITY OF BUFFALO, et al.,

                Defendants.
_____

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

                                                                                          _____

Signed in the presence of:

_____
(Attorney)